**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **Jaysin Hoyle**, *on behalf of himself and all others similarly situated*,<br><br>　　　Plaintiff,<br><br>v.<br><br>**Harrington Raceway, Inc.**,<br><br>　　　Defendant. | Case No. 1:23-cv-00420-MN |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN**

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release ("Agreement") entered into by Plaintiff and Defendant Harrington Raceway, Inc. ("Defendant"), and it finds that the Motion should be **GRANTED**.[1]

1.　　The Court does hereby preliminarily and conditionally approve, for settlement purposes, the following Class:

> All individuals to whom Harrington sent notice of the Data Incident that occurred in December 2022. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) Defendant's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

---

[1] Unless otherwise stated, all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

1

2.     The Settlement provides a non-reversionary $400,000.00 Settlement Fund from which, after the reduction of payments for Settlement Administration costs and expenses, Class Counsel's attorneys' fees and expenses, and any Class Representative Service Award, the following Settlement benefits will be paid from the Settlement Fund to Class Members who submit valid and timely Claim Forms:

        a.   Compensation for documented out-of-pocket losses or expenses that are fairly traceable to the Data Incident, up to $1,000;

        b.   Monetary payments of approximately $50 to all individuals submitting a Valid Claim, the exact amount of which shall be increased or decreased pro rata to extinguish the funds remaining in the Settlement Fund after the payment of all approved fees, expenses, service awards, and claims for out-of-pocket losses or expenses.

3.     Based upon information provided: the Class is ascertainable; it numbers approximately 12,700 individuals, satisfying numerosity; there are common questions of law and fact, including whether Defendant's  data security incident (the "Data Security Incident") potentially compromised Plaintiff's and Class Members' Private Information, satisfying commonality; the proposed Class Representative's claims are typical, in that he is a member of the Class and alleges that she received notice from Defendant that his Private Information was potentially compromised in Defendant's Data Security Incident, thereby alleging he has been damaged by the same conduct as other Class Members; the proposed Class Representative and Class Counsel will fully, fairly and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

4.     The Court appoints Jaysin Hoyle as the Class Representative of the Class.

5.      The Court appoints as Class Counsel Philip J. Krzeski and Bryan L. Bleichner of Chestnut Cambronne PA and Joseph M. Lyon of The Lyon Firm.

6.      The Court appoints Simpluris as Settlement Administrator.

7.      The Court does hereby preliminarily approve the Settlement, including the notices and releases contained therein as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Fairness Hearing described below.

8.      A Final Approval Hearing shall be held before the Court on _____, 2024 at ____ am/pm for the following purposes:

    a.  To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b.  To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

    c.  To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

    d.  To determine whether Plaintiff's application for Attorneys' Fees and Expenses, and requested Service Awards for the Class Representative, should be approved; and

    e.  To rule upon such other matters as the Court may deem appropriate.

9.      Plaintiff's Motion for Final Approval shall be filed at least thirty (30) days before the Final Approval Hearing.

10.     The Court approves, as to the form and content, the Short Form Postcard, Long Form Notice, and Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

11.    The Complaint was commenced after February 18, 2005. The Court directs Defendant to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for Defendant or the Settlement Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

12.    The Claim Form submitted by each Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.

13.    As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

14.    All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Class will be excluded from the Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim Forms, and shall not be bound by the Agreement or the Final Approval Order as to Defendant in the Class Action.

15.    Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiff, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Defendant.

16.      Any Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Defendant a notice of such appearance no later than forty (46) days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

17.      Any Class Member may appear and show cause, if that Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than forty-six (46) days following the Notice Date to the following:

United States District Court for the District of Delaware
844 N. King St., Ste. 18
Wilmington, DE 19801

18.      Objections may also be filed using the Court's ECF filing system, so long as such objections are filed within forty-six (46) days of the Notice Date.

19.      Any written objection shall include: (i) the objector's full name and address; (ii) the case name and docket number, *Hoyle v. Harrington Raceway, Inc., Case No. 1:23-cv-00420-MN (D. Del.)*; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel

representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

20.     Any person who does not make an objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than fourteen (14) days before the Final Approval Hearing.

21.     Class Members may also exclude themselves from this action by mailing a written notice of such intent to the designated Post Office box established by the Settlement Administrator (which shall be identified in the settlement notices). To be effective, the written notice must be timely, signed, and clearly manifest the Person's intent to opt-out of the Class. Such notices of a Class Member's intent to opt-out of the settlement must be postmarked no later than forty-six (46) days after the Notice Date.

22.     This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Defendant that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of Defendant. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or received in evidence or used for any purpose

in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind of character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

23.    In addition to the deadlines imposed above, the Settlement Administrator and Parties shall abide by the following timeline:

### SETTLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
| --- | --- |
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Long and Short Notices Posted on the Settlement Website | +14 days |
| Defendant pays cost of Notice Program and Claims Administration | +30 days |
| Notice Date | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and Class Representative Service Awards | +60 days |
| Objection & Opt-Out Date | +76 days |
| Claims Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties' counsel | +97 days |
| | |
| Final Approval Hearing | +135 (at minimum) from Order Granting Preliminary Approval |
| Motion for Final Approval | -30 days before Final Approval Hearing |

24.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiff and Defendant, if appropriate, without further notice to the Class.

**IT IS ORDERED:**

Date: _____

                                         _____
                                         **THE HONORABLE MARYELLEN NOREIKA**
                                         **UNITED STATES DISTRICT COURT JUDGE**
                                         **OR THE DISTRICT OF DELAWARE**